UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **M & M ELECTRIC SERVICES CO LLC, ET AL.** | : | **CIVIL ACTION NO. 21-CV-569** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **PELICAN REFINING CO LLC** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiffs M & M Electric Services Co LLC, Newlyn McCain, and Edward Tal McCain (collectively, "plaintiffs"). Doc. 12. The motion is opposed by defendant Pelican Refining Company, LLC ("Pelican"). Doc. 17. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

For the reasons stated herein**, IT IS RECOMMENDED** that the plaintiffs' motion be **DENIED.**

**I.**
**BACKGROUND**

Plaintiffs filed suit on January 25, 2021, in the 38th Judicial District Court, Cameron Parish, Louisiana. Doc. 1, att. 2. The complaint alleges that, in 2008, plaintiffs and defendant entered into a lease agreement wherein the plaintiffs agreed to store a reformer unit and other component parts owned by defendant on their property in exchange for $3,000 per month. *Id*. at p. 1. Plaintiffs Edward Tal McCain and Nelwyn McCain (sometimes collectively "the McCains") are the sole members of M & M Electric Services Co LLC ("M & M Electric") and M & M Electric

operates a dock and salvage yard on the property. *Id*. Plaintiffs allege that the reformer unit and component parts were placed on the property in 2008 and remain there presently and that defendant has not made a payment under the lease since January 26, 2011. *Id*. at p. 2. Plaintiff submits that defendant owes M & M Electric at least $402,000 in outstanding rental payments and owes additional damages to the McCains. Doc. 12, att. 1, p. 5.

Pelican removed this case on March 5, 2021, based on diversity jurisdiction, 28 U.S.C. § 1332, alleging that the amount in controversy exceeds $75,000 and that the parties are of completely diverse citizenship. Doc. 1. In its notice Pelican states that the McCains are citizens of Louisiana and that M & M Electric, a limited liability corporation, is also a citizen of Louisiana because its members[1] are citizens of Louisiana. *Id*. at pp. 2-3.

Regarding the citizenship of Pelican, the notice states that Pelican "is completely diverse in citizenship from Plaintiffs because Pelican's sole member is Bayoil (USA) Limited ["Bayoil"], a Bahamian corporation with its principal place of business in Houston, Texas." Doc. 1, p. 3. In support of this, Pelican attaches the unsworn declaration of Francis Spagnoletti ("the declaration"), made pursuant to 28 U.S.C. § 1746, which states the same. Doc. 1, att. 7. The declaration states that Spagnoletti is authorized to make the declaration because he is the trustee of the DTA Trust, which holds the shares of Bayoil. *Id*.

In the motion before us, plaintiffs argue that this matter should be remanded because Pelican has failed to provide sufficient evidence that its members are non-Louisiana citizens. Doc. 12, p. 2. In support of this argument, plaintiffs rely on Pelican's filings with the Louisiana Secretary of State, arguing that Pelican should be considered a Louisiana limited liability company since it

---

[1] The notice states that according to the Louisiana Secretary of State Filings, M & M Leasing is the sole member of M & M Electric. Doc. 1, p. 3; *see* Doc. 1, att. 5. However, the sole members of M & M Leasing are the McCains. Doc. 1, att. 6. As defendant correctly points out, whether the McCains are the sole members of M & M Electric as alleged by plaintiffs in the complaint, or the sole member is M & M Leasing, the citizenship result is the same.

is organized under Louisiana law and that Pelican's citizenship is uncertain because the filings do not clearly establish who its members are. Doc. 12, att. 1, pp. 6-7. Plaintiff also submits that the unsworn Spagnoletti declaration does not meet the burden of proving removal jurisdiction. *Id.* at p. 8. Finally, plaintiff argues that, according to the Texas Secretary of State filings, there is no business named "Bayoil (USA) Limited" registered to do business in the State of Texas, and this absence raises doubt that Bayoil indeed has its principal place of business there. *Id.*

In opposition, defendant argues that the declaration has the same force and effect as a sworn affidavit because it was made pursuant to 28 U.S.C. § 1746 and is therefore evidence of the facts stated therein. Doc. 17, p. 2. It further argues that plaintiffs' reliance on the Louisiana Secretary of State filings is inappropriate and inapposite. *Id.* at p. 3. Defendant also attaches to its opposition another unsworn declaration executed by Spagnoletti which contains further statements regarding the DTA Trust as shareholder of Bayoil and Bayoil's position as the sole member of Pelican. Doc. 17, att. 1.

## II.
### LAW AND ANALYSIS

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a). Here, the parties do not dispute that the amount in controversy requirement is met. *See* Doc. 12, att. 1, p. 6. However, they dispute the existence of complete diversity among the parties — specifically, the citizenship of Pelican.

The defendant in this case is a limited liability company. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008). The removing party bears the burden of establishing diversity jurisdiction by a preponderance of the evidence and "[a]ny

ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 397 (5th Cir. 2013). A defendant may utilize affidavits in support of a removal petition. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

Pelican alleges that it is a sole member company with its sole member being Bayoil, a Bahamian corporation with its principal place of business in the state of Texas. It supports these allegations by attaching the unsworn Spagnoletti declaration which states that "Bayoil is the sole member of Pelican Refining Company, L.L.C., a Louisiana limited liability company," and that "Bayoil is a Bahamas corporation with its principal place of business in Houston, Texas." Doc. 1, att. 7.

Plaintiffs challenge the contents of the declaration because it is unsworn and therefore claim the statements therein are insufficient to establish diversity jurisdiction. Doc. 12, att. 1, p. 8. Specifically, they argue that the declaration cannot support removal because it fails to provide corroborating evidence (1) that Spagnoletti is indeed the trustee of the DTA Trust which allegedly holds shares of Bayoil; (2) that he has the authority to state that Bayoil is the sole member of Pelican; and (3) of any business activities conducted by Bayoil in Texas necessary to establish Texas as Bayoil's principal place of business.

Section 1746 of Title 28 of the United States code provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration . . . .

The unsworn declaration is sufficient if it states, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." *Id*. The

declaration followed the prescribed statutory form. As such, it is considered evidence of the facts therein without the necessity of further corroborating evidence.

Plaintiffs also dispute the citizenship of Pelican by pointing to its filings with the Louisiana Secretary of State, which they assert show that Pelican is a "Louisiana limited liability company" because Pelican organized under Louisiana law and is registered as a Louisiana limited liability company. Doc. 12, att. 1, pp. 6-7; *see* att. 2 (filings). They further argue that Pelican's citizenship is uncertain because the filings fail to clearly set forth who Pelican's members are, evidently an argument challenging Bayoil's status as sole member. In support thereof, plaintiffs refer to several filings, wherein several persons completed forms under the titles "member or manager," "sole manager," or "manager." *See* Doc. 12, att. 3, pp. 7, 8, 10. Additionally, they attach Pelican's Initial Report, filed in 2004, wherein Pelican was required to state the name of the managers *or* members and listed "Nu Coastal Refining and Marketing Company," but note that it is not indicated whether such was a manager or member. *Id.* at p. 6. Plaintiffs also point to Pelican's Corporate Disclosure Statement filed in this suit, wherein it refers to itself as "a Louisiana limited liability company formed and existing under the laws of the State of Louisiana." *See* Doc. 5.

Defendant submits in opposition that the place of an LLC's formation or its operations is not relevant to citizenship for purposes of diversity and that it is not required to establish its membership via the Louisiana Secretary of State filings. Doc. 17, p. 3. Defendant also attaches to its opposition another unsworn declaration by Francis I. Spagnoletti, made pursuant to 28 U.S.C. § 1746. Doc. 17, att. 1. This declaration states that the DTA Trust, of which Spagnoletti is the trustee, was settled in 2007 and included all shares of Bayoil, which at the time owned 50% of membership interest in Pelican. *Id.* In 2016, Spagnoletti authorized the transaction whereby Bayoil acquired the other 50% membership interest from NuCoastal Refining & Marketing Company,

making Bayoil the sole member since that time. *Id*. Included with the second declaration is a form executed in compliance with Bahamian law,[2] which evidences Bayoil's continued existence as a Bahamian corporation and lists Texas as its principal place of business. *Id*. at p. 4.

As stated, the sole consideration when determining the citizenship of a limited liability corporation is the citizenship of its members. *Harvey*, 542 F.3d at 1079. Through numerous pieces of evidence, defendant has clearly and expressly shown that (1) Pelican is a sole member LLC; and (2) that the sole member Bayoil is a Bahamian corporation with its principal place of business in Texas. Defendant is correct in that neither the Louisiana Secretary of State filings nor Pelican's organization under Louisiana law serve to dispute the evidence that it has put forth, as neither has bearing on the present consideration. Also of equal inappositeness is Pelican's reference to itself as a "Louisiana limited liability company." "What constitutes citizenship for diversity purposes is a matter of federal law, and as such, cannot be made to depend on the particular nuances of the various state business codes." *Teal Energy USA, Inc. v. GT, Inc*., 369 F.3d 873, 880 (5th Cir. 2004).

For the same reasons that the Louisiana filings have no merit, neither does the alleged absence of Bayoil from the Texas Secretary of State's list of those registered to do business in the state. A conclusion regarding such registry, or lack thereof, would not only run afoul of § 1332, which states that a corporation shall be deemed a citizen of the state of its principal place of business without regards to whether it is authorized to do business in that state, but also would elevate form over substance, "allowing a corporation either to create or thwart diversity jurisdiction by the single expedient of not complying with state business regulations." *Teal Energy*,

---

[2] The form is entitled "CESRA Reporting Request Form." Doc. 17, att. 1, p. 4. CESRA, or the "Commercial Entities (Substance Requirements) Act 2018," is a Bahamian law that mandates that certain commercial entities registered in the Bahamas must have economic substance in the Bahamas and set forth such in an annual filing with the Ministry of Finance.

369 F.3d at 880. Further, absence of Bayoil's name from that registry does not render it a citizen of the State of Louisiana so as to destroy diversity.

Considering the foregoing, we find that Pelican has sufficiently shown through uncontroverted evidence that its citizenship is completely diverse from plaintiffs and that subject matter jurisdiction under 28 U.S.C. § 1332 exists over this case.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Remand (Doc. 12) be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 8th day of February, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE